Robert D'ANGELO

v.

Police Officer William MISHAK
Number 2884, et al.

Civ. A. No. 76–1250.

United States District Court,
E. D. Pennsylvania.

March 30, 1977.

Robert E. Gabriel, Philadelphia, Pa., for plaintiff.

Thaddeus J. Bartkowski, Asst. City Sol., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

This is yet another civil rights suit seeking damages from police officers and their employer, the City of Philadelphia. This one is for injuries allegedly sustained by plaintiff while in custody. The claim is asserted under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and directly under various provisions of the Federal Constitution. Plaintiff also presents pendent state tort law claims. The case is before me on a motion to dismiss the claims against the City for lack of jurisdiction, Fed.R.Civ.P. 12(b)(1).

The complaint alleges that on May 1, 1975, plaintiff, Robert D'Angelo, was arrested and charged with drunken driving. He was handcuffed and thrown into the back of an emergency patrol wagon operated by defendant police officers Mishak and Green. The officers told plaintiff that they were going to give him a "cowboy ride". Despite plaintiff's protests, the officers operated the patrol wagon in a tumultuous manner, "thereby causing plaintiff to be propelled around the interior of the patrol wagon, while handcuffed" (Complaint ¶ 12). Upon arrival at the Police Administration Building, plaintiff, who was then complaining that he was injured, "was dragged from the police wagon by his feet and dragged through the entrance and down the stairs" (Complaint ¶ 14). He was forced to blow into a balloon as part of a test for intoxication and he then collapsed. Plaintiff suffered severe injuries, including a broken neck.

The complaint is in five counts: (1) against the police officers for denial of constitutional rights; (2) against the police officers for common law assault and battery; (3) against the City[1] for denial of constitutional rights; (4) against the City for common law negligence; and (5) against the City for common law assault and battery. Plaintiff seeks compensatory and punitive damages in excess of $10,000.

The City of Philadelphia moves to dismiss the three counts against it for lack of jurisdiction.[2] As the City points out, it is not a "person" within the meaning of 42 U.S.C. § 1983. *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda,* 411 U.S. 693, 706–10, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Monroe v. Pape,* 365 U.S. 167, 187–92, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Plaintiff's civil rights action against the City is, therefore, not a "civil action authorized by law" for deprivation of civil rights, and jurisdiction may not be predicated upon 28 U.S.C. § 1343(3), (4). *See City of Kenosha, supra.*

Recognizing that jurisdiction of the action against the City cannot be founded on § 1343, plaintiff requests that the court exercise pendent jurisdiction over all of the claims against the City. *See generally, United Mine Workers v. Gibbs,* 383 U.S.

1. The claims against the City are based upon the theories of vicarious liability and negligence in the control and supervision of City policemen.

2. In its memorandum of law, the City asserts that its motion to dismiss is filed pursuant to Fed.R.Civ.P. 12(b)(2). That rule, however, authorizes motions to dismiss for lack of *personal* jurisdiction. Service of process has properly been made upon the City in this case; there is no absence of personal jurisdiction. Defendant's motion, and the arguments made in defendant's memorandum are instead addressed to the *subject matter* jurisdiction of this court (pursuant to Fed.R.Civ.P. 12(b)(1)), and the motion is dealt with accordingly.

715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), has effectively foreclosed that route to suit against municipalities.

Alternatively, plaintiff has suggested that the action against the City may be maintained under 28 U.S.C. § 1331(a), which grants jurisdiction for "all civil actions . . . [arising] under the Constitution . . . of the United States" wherein the amount in controversy exceeds $10,000. Plaintiff did not assert § 1331(a) as a basis for jurisdiction in his complaint. Although he is free to amend his complaint to do so, and although such amendment would rectify the present jurisdictional pleading defect, the claim against the City would nevertheless be subject to dismissal for failure to state a claim upon which relief can be granted. *See Jones v. McElroy,* 429 F.Supp. 848, and *Zuber v. Jones,* 429 F.Supp. 848, filed today.

Plaintiff's claims against the City of Philadelphia will be dismissed for lack of jurisdiction.