Dr. Regina **FLESCH**

v.

**EASTERN PENNSYLVANIA PSYCHIATRIC INSTITUTE et al.**

**Civ. A. No. 76–3927.**

United States District Court, E. D. Pennsylvania.

June 23, 1977.

---

John C. Wright, Jr., Philadelphia, Pa., for plaintiff.

Lynne M. Mountz, John A. Kane, Asst. Attys. Gen., Dept. of Public Welfare, Harrisburg, Pa., for defendants.

OPINION

LUONGO, District Judge.

This is an action under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1871, and the Fourteenth Amendment by Dr. Regina Flesch against Eastern Pennsylvania Psychiatric Institute (EPPI), EPPI Director and Chief Executive Officer Ulysses E. Watson, EPPI Director of Research and Training Bernard Borislow, the Pennsylvania Department of Public Welfare,[1] Pennsylvania Secretary of Public Welfare Frank S. Beal, Deputy Secretary for Mental Health Robert M. Daly, the State Employees Retirement Board (SERB) and SERB Secretary and Chief Administrative Officer Richard L. Witmer. Jurisdiction over the Title VII claims is bestowed by § 706(f)(3) of the Act, 42 U.S.C. § 2000e–5(f)(3). Plaintiff also asserts jurisdiction under 28 U.S.C. §§ 1331(a) and 1343(3)–(4), and pendent jurisdiction as to state law claims. The action is before me on defendants' motion to dismiss for lack of jurisdiction, Fed.R.Civ.P. 12(b)(1), and failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

The complaint alleges: From September 12, 1966 to September 14, 1976, plaintiff was employed as a medical research scientist at EPPI, a psychiatric hospital and research institution operated as a part of the Pennsylvania Department of Public Welfare. During that time, EPPI, Watson, and Borislow discriminated against plaintiff by denying her adequate supporting staff, facilities, and equipment because of her sex. In addition, EPPI, with the agreement of SERB, wrongfully classified plaintiff as a part-time employee, causing her to lose a portion of the seniority and retirement credits which should have accumulated while she was working under a federal grant program. Toward the end of plaintiff's tenure, EPPI, acting primarily through Dr. Borislow, gave plaintiff low performance ratings, partly because of her sex and partly because of the inadequate supporting staff, facilities, and equipment which had been provided to her.

On September 26, 1975, plaintiff filed a charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC). The factual allegation in the charge, which named only EPPI as respondent, stated:

"I have been deprived, over a long period of time, of retirement benefits, adequate office space (in the past) and adequate secretarial help, in a way that no other scientist in my position has experienced. I feel that this has happened because of my sex, female."

On September 14, 1976, plaintiff was furloughed by EPPI, in part because of her low performance ratings. The complaint alleges that she has remained unemployed since that time and that EPPI has refused to recall her to work, although it can afford to do so.[2]

On September 16, 1976, the EEOC issued a letter of determination concluding that the facts revealed in its investigation of plaintiff's charge did not show reasonable cause to believe that EPPI had violated Title VII of the 1964 Civil Rights Act. This

---

1. There is a dispute as to whether the Pennsylvania Department of Public Welfare has been named as a defendant. The Department was not listed in the caption but is named in paragraph 7 of the complaint among a listing of the defendants. *Cf. Adams v. School Board of Wyoming Valley West School District*, 53 F.R.D. 267, 268 (M.D.Pa.1971). The Federal Rules require the names of all parties to be set forth in the caption to the complaint (Fed.R.Civ.P. 10(a)), but they also state that all pleadings must "be so construed as to do substantial justice" (Fed.R.Civ.P. 8(f)). Plaintiff may have sufficiently named the Department as a defend-

ant in this action, but, if the Department is to remain a defendant, I will require plaintiff to amend the caption and to cause service to be made upon the Department itself, rather than upon its officers (*see* Fed.R.Civ.P. 4(d)(6)).

2. At oral argument, counsel for defendants informed the court that plaintiff and certain other furloughed personnel had been rehired by EPPI in March 1977. The rehiring of plaintiff partially moots plaintiff's claim for injunctive relief but it does not affect other elements of this case.

determination was forwarded to plaintiff on September 22, 1976, along with a notice of her right to sue.

On December 21, 1976, plaintiff filed this suit against the above-named defendants, alleging the discriminatory conduct already described and, in addition, asserting that defendants' discriminatory actions during the last year of her tenure, including the continued denial of help, the furlough, and the refusal to call her back to work, were in retaliation for filing the EEOC charge. She avers that defendants' actions were taken in furtherance of a conspiracy to discriminate against her because of her sex. The five-count complaint alleges violations of Title VII, the First and Fourteenth Amendments to the Constitution, two sections of the Civil Rights Act of 1871, and the Pennsylvania State Employees Retirement Code. Plaintiff seeks a judgment declaring defendants' actions unconstitutional (see Declaratory Judgment Act, 28 U.S.C. §§ 2201–02); a permanent injunction prohibiting defendants from engaging in such actions and requiring EPPI to reinstate plaintiff with full seniority and credit for benefits which would have accrued since her furlough; and an award of back pay and compensatory and punitive damages, costs of suit, and attorney's fees.

## I. Claims under Title VII

### A. Exhaustion of Administrative Remedies

Defendants move to dismiss some of the Title VII claims for lack of jurisdiction because plaintiff has not exhausted administrative remedies.

 Title VII provides that before a discriminatee may bring a judicial action against an employer for violation of the Act, a charge must have been filed with the EEOC[3] and the EEOC must have then notified the discriminatee of the right to sue.[4] Civil Rights Act of 1964, Title VII, § 706(f)(1), 42 U.S.C. § 2000e–5(f)(1). These prerequisites are jurisdictional. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798–99, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Canavan v. Beneficial Finance Corp.*, 553 F.2d 860 (3d Cir. 1977); *Gibson v. Kroger Co.*, 506 F.2d 647 (7th Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975); *Richardson v. Miller*, 446 F.2d 1247, 1248–49 (3d Cir. 1971). Plaintiff did file charges before the EEOC. The EEOC dismissed the charges and notified plaintiff of her right to sue. Plaintiff's complaint, however, sets forth allegations not included in the EEOC charge and asserts claims against defendants not named as respon-

---

3. Charges may be filed either by the discriminatee or by a member of the EEOC. Before the discriminatee may file a charge, however, she must exhaust state administrative remedies by filing charges with the appropriate state agency and waiting for the agency to dispose of the matter or for a prescribed time period to run. Civil Rights Act of 1964, Title VII, § 706(c), 42 U.S.C. § 2000e–5(c). If a member of the EEOC files the charge, the EEOC must forward the case to the appropriate state agency and await action by that agency for a prescribed time period. *Id.* § 706(d), 42 U.S.C. § 2000e–5(d). The appropriate state agency in this case would be the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations. 29 C.F.R. § 1601.12(m). The requirement that state administrative remedies be exhausted is jurisdictional. *Presseisen v. Swarthmore College*, 386 F.Supp. 1337, 1340–41 (E.D.Pa.1974); *Black Musicians of Pittsburgh v. Musicians Local 60–471*, 375 F.Supp. 902, 908–09 (W.D.Pa.1974), *aff'd mem.*, 544 F.2d 512 (3d Cir. 1976); *cf. Love v. Pullman*

Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). *But cf. EEOC v. Wah Chang Albany Corp.*, 499 F.2d 187 (9th Cir. 1974).

Plaintiff has not specifically pleaded exhaustion of state administrative remedies, but the EEOC letter of determination attached to her complaint as Exhibit "B" and therefore made a part of the pleading (Fed.R.Civ.P. 10(c); *see also* Complaint ¶ 24) asserts that "the timeliness and all other jurisdictional requirements have been met." I regard this statement as a satisfactory allegation of compliance with this jurisdictional prerequisite.

4. The EEOC gives such notice after it has dismissed the charges, has failed to enter a conciliation agreement within a prescribed time period, or, in the case of a governmental employer, has forwarded the charges to the Attorney General who then has failed to institute a civil action against the employer within a prescribed time period. Civil Rights Act of 1964, Title VII, § 706(f)(1), 42 U.S.C. § 2000e–5(f)(1).

dents before the EEOC. Defendants' motion is addressed to extension of this case to those additional claims and parties.

### 1. *The Additional Claims*

The matters presented to the EEOC did not include the allegation, now set forth in plaintiff's complaint, that defendants retaliated against her for filing the EEOC charge. Defendants therefore contend that I do not have jurisdiction over the claim of retaliatory action.

Courts which have considered this issue have held that jurisdiction may be exercised over all claims encompassed within the EEOC charge and like or related matters which might reasonably be expected to be subject to an EEOC investigation growing out of the charge. *Gamble v. Birmingham Southern R.R.*, 514 F.2d 678, 687–89 (5th Cir. 1975) (recognizing jurisdiction over claims not included in EEOC charge and not actually investigated by EEOC so long as they were of same type and character of discrimination as originally charged and involved the same plaintiffs); *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973); *Tipler v. E. I. duPont deNemours and Co.*, 443 F.2d 125, 131 (6th Cir. 1971); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 464–67 (5th Cir. 1970). The Third Circuit has intimated agreement with this view. *See Wetzel v. Liberty Mutual Insurance Co.*, 511 F.2d 199, 202–03 (3d Cir. 1975), *vacated on other grounds*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). This rule is broad enough to include claims arising from new acts occurring during pendency of the EEOC charge and reasonably related to or growing out of acts alleged in the charge. *Oubichon, supra*, 482 F.2d at 571. Claims of retaliation for filing the charge are within this category. *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709, 713 (E.D.Pa.1976); *Held v. Missouri Pacific R.R.*, 373 F.Supp. 996, 1000–02 (S.D.Tex. 1974); *Van Hoomissen v. Xerox Corp.*, 368 F.Supp. 829, 832–34 (N.D.Cal.1973). Applying this rule, I reject defendants' contention that I do not have jurisdiction over plaintiff's claim of retaliatory conduct.

### 2. *The Additional Defendants*

EPPI was the only party named in the charge filed by plaintiff with the EEOC. All of the defendants other than EPPI therefore contend that I do not have jurisdiction over the claims against them because plaintiff has not exhausted administrative remedies as to them.

Section 706(f)(1) of the Act, 42 U.S.C. § 2000e–5(f)(1), provides that after administrative remedies have been exhausted, "a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved." The Act does not provide for a civil action against persons not named in the charge before the EEOC. This statutory scheme is designed to assure that the defendant has notice of the alleged violation and an opportunity to voluntarily enter into a conciliation agreement under EEOC auspices. As a result, courts firmly adhere to the exhaustion requirement and refuse to exercise jurisdiction over defendants not named in the EEOC charge except in very narrow exceptional situations. *See e.g., Le Beau v. Libby-Owens-Ford Co.*, 484 F.2d 798, 799 (7th Cir. 1973); *Bernstein, supra*, 407 F.Supp. at 714–16; *Scott v. University of Delaware*, 385 F.Supp. 937, 940–42 (D.Del.1974); *Van Hoomissen, supra*, 368 F.Supp. at 834–35.

Plaintiff contends that her claims against defendants Watson and Borislow and possibly defendants Beal, Daly, and Witmer should fall within an exception of § 706(f)(1) because of the agency relationship which those defendants have to EPPI, the respondent named in the EEOC charge. Courts have generally rejected an agency exception unless there is a strong identity of interests between the EEOC respondent and the newly named defendant. *Scott, supra*, 385 F.Supp. at 941; *Van Hoomissen, supra*, 368 F.Supp. at 834–35; *McDonald v. American Federation of Musicians*, 308 F.Supp. 664, 669 (N.D.Ill.1970); *cf. Jackson v. University of Pittsburgh*, 405 F.Supp. 607, 615–18 (W.D.Pa.1975). Generally, such an identity exists if the violation notice and

the EEOC negotiations and conciliation efforts with the charged party can reasonably be said to apply to that party's agents as well. *See McDonald, supra*, 308 F.Supp. at 669; *cf. Bernstein, supra*, 407 F.Supp. at 715–16.[5] The complaint alleges that defendant Watson is the director and chief executive officer of EPPI, and plaintiff argues that the agency exception should apply to Watson because he had notice of the EEOC charge and was involved in its investigation. Plaintiff makes a similar argument with regard to defendant Borislow, EPPI's director of research and training. Neither Watson nor Borislow were mentioned in the EEOC charge, however, and it is not clear whether their administrative positions at EPPI provide a sufficient identity of interest for application of the agency exception. Application of the exception is even more attenuated as to defendants Beal, Daly, and Witmer. According to plaintiff's own complaint, these defendants are not even agents of EPPI; Beal and Daly are associated with the Department of Public Welfare, and Witmer is an administrative officer of SERB. It appears unlikely, therefore, that the exception will apply to them.

■ Plaintiff contends that SERB, and possibly the Department of Public Welfare, are within an exception to § 706(f)(1) because they are "indispensable parties."[6] Federal Rule 19(a) provides:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . in his absence complete relief cannot be accorded among those already parties."

In *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 180–84 (D.C.Cir.1974), the District of Columbia Court of Appeals held that a party could be joined under Rule 19(a) in a Title VII action even though that party was not named before the EEOC because absence of such a party would thwart the purpose of Title VII to provide complete relief from discrimination. Since Rule 19(a) does not allow joinder of parties who will deprive the court of jurisdiction,[7] the Court of Appeals' holding was contrary to the rule that exhaustion of administrative remedies is a jurisdictional requirement in Title VII actions. *Cf. Le Beau, supra.* Nevertheless, other courts have allowed joinder of parties not named before the EEOC if necessary for the effective enforcement of Title VII. *See, e. g., Equal Employment Opportunity Commission v. McLean Trucking Co.*, 525 F.2d 1007, 1011–12 (6th Cir. 1975); *Torockio v. Chamberlain Manufacturing Co.*, 51 F.R.D. 517 (W.D.Pa.1970) (Weis, J.). Assuming the validity of this exception, I seriously doubt that SERB, which administers the state retirement system in accordance with information about state employees

---

**5.** *Cf. also Slack v. Havens*, 522 F.2d 1091, 1094–95 (9th Cir. 1975) (identity of interest between successive employers); *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1089–93 (6th Cir. 1974) (same); *Milner v. National School of Health Technology*, 73 F.R.D. 628, 631 (E.D.Pa.1977) (same); *Hardison v. Trans World Airlines*, 375 F.Supp. 877, 880 (W.D.Mo.1974), *aff'd in part and rev'd in part on other grounds*, 527 F.2d 33 (8th Cir. 1975), *rev'd*, —— U.S. ——, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977) (identity of interest between local and international labor union); *Stevenson v. International Paper Co.*, 432 F.Supp. 390, 14 Fair Employment Practice Cases 1279, 1281-85 (W.D.La.1977) (same); *Chastang v. Flynn and Emrich Co.*, 365 F.Supp. 957, 961–64 (D.Md. 1973), *aff'd in part and rev'd in part on other grounds*, 541 F.2d 1040 (4th Cir. 1976) (identity of interest between corporation and its officers and directors).

**6.** In the tortured parlance of third party procedure, a party is "necessary" if he is one who should be "joined if feasible" under Federal Rule 19(a) but is "indispensable" if, under Federal Rule 19(b), the inability to join him (because of, e. g., lack of jurisdiction) compels dismissal of the action. *See generally Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). For purposes of plaintiff's argument, I need only determine whether the defendants are "necessary," not whether they are "indispensable."

**7.** The Federal Rules do not extend or limit the jurisdiction of federal district courts. Fed.R. Civ.P. 82.

provided by other state agencies (*see* State Employees Retirement Code, 71 Pa.C.S.A. §§ 5902 *et seq.*), and the Department, which apparently was joined merely because it has supervisory authority over EPPI (Public Welfare Code § 302, 62 P.S. § 302), are necessary parties under Rule 19(a).

▇ Recently a panel of the Third Circuit surveyed some of the cases applying the agency and necessary party exceptions to the exhaustion rule. Although it did not intimate a view as to the validity of these exceptions, the Court stated that if a plaintiff claims that the exceptions are applicable, the district court should not consider a motion to dismiss for failure to exhaust administrative remedies until the plaintiff has had an opportunity to discover facts pertinent to the possible application of the exceptions. *Canavan, supra,* at 864–865. Abiding by this directive, I shall deny the motion of the additional defendants to dismiss for lack of jurisdiction, without prejudice to the right of those defendants who remain in this case to file an appropriate motion after a record has been made as to pertinent jurisdictional facts.

### B. *Exhaustion of Contractual Remedies*

Defendants contend that I should not exercise jurisdiction over plaintiff's Title VII claims because plaintiff has not exhausted her contractual remedies for discrimination.

In their brief, defendants assert that plaintiff has instituted arbitration proceedings pursuant to an agreement between the Commonwealth of Pennsylvania and the Pennsylvania Association of State Mental Hospital Physicians and that, although a hearing has been held, no decision has been rendered on that grievance. Memorandum in Support of Defendants' Motion to Dismiss, Doc. No. 5, at 11. Counsel for plaintiff has agreed with this assertion. Defendants recognize that plaintiff's recourse to arbitration does not bar her action in this court since federal courts are vested with the primary role in Title VII enforcement actions. Title VII judicial remedies and any contractual arbitration remedies available to a discriminatee under a collective bargaining agreement are separate and independent of each other, allowing a discriminatee to resort to either or both of them. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). *See also Electrical Workers Local 790 v. Robbins & Myers, Inc.,* 429 U.S. 229, 236–40, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). Defendants argue, nevertheless, that plaintiff should be required to fully exhaust her contractual remedies once she has resorted to them and contend that I should not exercise jurisdiction over the Title VII claims until the arbitrator's decision has been rendered.

▇ Title VII prescribes detailed jurisdiction prerequisites to institution of an action in the courts. Exhaustion of contractual remedies is not listed among these prerequisites. *Alexander, supra,* 415 U.S. at 47, 94 S.Ct. 1011. Considering the independent nature of contractual and judicial remedies for discrimination (*see id.* at 49–51, 52–55, 94 S.Ct. 1011), there is no legal basis for defendants' exhaustion theory.

Defendants contend that exhaustion is desirable because the arbitrator's findings may be important evidence at trial and because a determination by the arbitrator in plaintiff's favor may eliminate plaintiff's need for judicial relief. These arguments focus upon *trial* of plaintiff's claims, not upon the court's initial exercise of jurisdiction over the case. As plaintiff points out, even if jurisdiction is exercised at this time, the arbitrator's decision will likely be rendered prior to trial and will be available as evidence. If necessary, the trial date can be scheduled to take into account the need for the arbitrator's decision. If the arbitrator's decision does eliminate the need for further proceedings in this case, plaintiff may terminate the proceedings at any time. Title VII requires that this case be acted upon as expeditiously as possible. Civil Rights Act of 1964, Title VII, § 706(f)(5), 42 U.S.C. § 2000e–5(f)(5). In accordance with that mandate, I shall not defer exercise of jurisdiction over this case awaiting the arbitrator's decision.

## C. Sufficiency of Allegations in the Complaint

Defendants contend that the allegations of a Title VII violation in the complaint are so vague and conclusory that they cannot formulate a responsive pleading, and they argue that the Title VII claim therefore should be dismissed for failure to state a claim upon which relief can be granted.

Federal Rule 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Generally, this rule is liberally construed. *See* Fed.R. Civ.P. 8(f); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Because of the increasingly large number of civil rights complaints filed in federal courts, however, the Third Circuit has required the "plain statement of the claim" under Rule 8(a)(2) to set forth specific factual allegations in support of the claim for relief. *See Curtis v. Everette,* 489 F.2d 516, 520–21 (3d Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Esser v. Weller,* 467 F.2d 949 (3d Cir. 1972) (per curiam); *Gittlemacker v. Prasse,* 428 F.2d 1, 6 (3d Cir. 1970); *Kauffman v. Moss,* 420 F.2d 1270, 1275–76 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Rodes v. Municipal Authority of Borough of Milford,* 409 F.2d 16, 17 (3d Cir.), *cert. denied,* 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969); *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967). Although this rule was formulated in suits brought under the Civil Rights Act of 1871, it has also been applied to cases under Title VII of the 1964 Act. *See Marshall v. Electric Hose and Rubber Co.,* 65 F.R.D. 599, 603–06 (D.Del.1974); *cf. Nishiyama v. North American Rockwell Corp.* 49 F.R.D. 288, 293–94 (C.D.Cal.1970). The specific pleading rule does not require the plaintiff to plead all the evidence in support of her claim; it merely requires the pleading of allegations sufficient to assure the court that the claim has some basis in

fact. *See Valley v. Maule,* 297 F.Supp. 958, 960–61 (D.Conn.1968), quoted with approval in *Kauffman, supra,* at 1276 n.15. If the claim merely parrots the language of the Civil Rights Act or sets forth a theory of recovery with no factual allegations in its support, dismissal is proper. *Nishiyama, supra,* at 293; *see Jones v. McElroy,* 429 F.Supp. 848, 863 (E.D.Pa. 1977); *Milburn v. Girard,* 429 F.Supp. 865, 868–869 (E.D.Pa. 1977).

For a Title VII claim, the factual allegations must show that plaintiff is a member of a class entitled to protection under the Act and that she was treated differently in her employment from persons otherwise similarly situated who are not members of the class. *Potter v. Goodwill Industries of Cleveland,* 518 F.2d 864, 865 (6th Cir. 1975) (per curiam); *see* Civil Rights Act of 1964, Title VII, § 703(a), 42 U.S.C. § 2000e–2(a); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). With respect to defendant EPPI, the complaint does satisfy these requirements. Plaintiff alleges that she was discriminated against in her allocation of staff, facilities, and equipment; seniority and retirement credit classification; performance ratings; and job discharge. She asserts that this discrimination occurred "because of her female sex" (Complaint ¶¶ 16, 18; *see also id.* ¶ 21), the implication being that male research assistants were treated differently. Sex is a protected classification under § 703(a) of the Act, 42 U.S.C. § 2000e–2(a).[8] Although plaintiff's factual allegations are not as explicit as is desirable, in conjunction with the EEOC determination letter attached to the complaint they do meet the minimum degree of specificity necessary to inform EPPI of the charge against it and to assure the court that the claim has some basis in fact. Beyond this threshold level, the proper remedy for a vague complaint is a mo-

---

8. Plaintiff also alleges that after she filed the charge with the EEOC, EPPI and the other defendants "effected and conspired to effect retaliatory action against the Plaintiff, including the denial of help, furlough and refusal to

recall referred to above." Complaint ¶ 23. This allegation asserts a violation of § 704(a) of the Act, 42 U.S.C. § 2000e–3(a), which prohibits discrimination in retaliation for filing a charge under the Act.

tion for a more definite statement under Federal Rule 12(e), not a motion to dismiss. *Cf. Conley, supra*, 355 U.S. at 47–48, 78 S.Ct. 99.

The main allegation in the complaint against defendants Watson and Borislow is ¶ 16:

"During the term of her employment, EPPI, Dr. Watson, and Dr. Borislow discriminated against plaintiff by denying her adequate supporting staff, facilities, and equipment, because of her female sex."

Paragraph 18 of the complaint also alleges that "Dr. Borislow played a primary role" in discriminatorily giving plaintiff low performance ratings. Without the added support of the EEOC determination letter, these factual allegations barely meet the specificity requirement. The allegations tie Watson and Borislow to EPPI's allegedly discriminatory conduct, but I am left with considerable doubt whether they sufficiently allege specific conduct on the part of Watson and Borislow themselves which can form a basis for a Title VII claim against them. Reading the allegations in the context of the entire complaint, however, I conclude that there is at least some factual basis for a claim against Watson and Borislow and therefore will deny their motion to dismiss for lack of specificity.

■ The allegations against the other defendants are considerably different. The only allegation which specifically mentions SERB is in ¶ 17, which, after stating that EPPI wrongfully classified plaintiff as a part-time employee and thereby caused her to forfeit a portion of her seniority and retirement credits, asserts, "Defendant SERB has accepted these errors." Except for the opening paragraphs identifying the parties, the Department of Public Welfare, Beal, Daly, and Witmer are not mentioned in the complaint at all. Since there are no specific factual allegations of sex discrimination by these defendants, I shall dismiss the Title VII claims as to them for failure to state a claim upon which relief can be granted, without prejudice to plaintiff's right to amend the complaint to sufficiently allege facts supporting Title VII claims against them. As noted in Part I.A. of this opinion, there is some question whether there is Title VII jurisdiction over the claims against these defendants. If plaintiff amends her complaint to conform to the specific pleading rule, she will be entitled to discovery relevant to that question.

## II. Claims under the 1871 Act and the Fourteenth Amendment

### A. Liability of EPPI, SERB, and the Department under the 1871 Act

Two counts of plaintiff's complaint are based upon the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985. Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

Section 1985 provides:

"[I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

Of the various conspiracies set forth in § 1985, the only ones having any possible relevance to this case are those of

"two or more persons in any State or Territory [who] conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or

class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . ." 42 U.S.C. § 1985(3).

Defendants EPPI and SERB move to dismiss the claims against them under the 1871 Act because they are not liable "persons" within the meaning of that Act. That argument also applies to defendant Department of Public Welfare.

 It is now firmly established that state and local governmental entities are not "persons" within the meaning of § 1983. *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 909, 34 L.Ed.2d 685 (1973) (cities); *Moor v. County of Alameda,* 411 U.S. 693, 706–10, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) (counties); *Monroe v. Pape,* 365 U.S. 167, 187–92, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (cities); *United States ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84, 86 & n.2 (3d Cir. 1969), *cert. denied,* 396 U.S. 1046, 90 S.Ct. 698, 24 L.Ed.2d 691 (1970) (states and municipalities).[9] The complaint alleges that EPPI is "a part of the Commonwealth of Pennsylvania Department of Public Welfare" (Complaint ¶ 6; *see also* Administrative Code of 1929, § 202, 71 P.S. § 62), that SERB "is a sub-division of the Commonwealth of Pennsylvania" (Com-

plaint ¶ 8; *see also* State Employees Retirement Code, 71 Pa.C.S.A. §§ 5901–05),[10] and that the Department of Public Welfare "is a sub-division of the Commonwealth of Pennsylvania" (Complaint ¶ 7; *see also* Administrative Code of 1929, § 201, 71 P.S. § 61). EPPI, SERB and the Department thus are not "persons" under § 1983.

Although the Supreme Court has not decided the issue, courts are in agreement that this same analysis applies to use of the word "person" in 42 U.S.C. § 1985. *See, e. g., Sykes v. California (Department of Motor Vehicles),* 497 F.2d 197, 201–02 (9th Cir. 1974); *Milburn v. Girard,* 429 F.Supp. 865, 867–68 (E.D.Pa. 1977); *Veres v. County of Monroe,* 364 F.Supp. 1327, 1328–31 (E. D.Mich.1973), *aff'd mem.,* 542 F.2d 1177 (6th Cir. 1976). EPPI, SERB, and the Department are therefore not liable under that section as well.

 The claims against EPPI, SERB, and the Department under the 1871 Act will be dismissed for failure to state a claim upon which relief can be granted. Insofar as jurisdiction over those claims has depended upon 28 U.S.C. § 1343(3)–(4),[11] the claims will also be dismissed for lack of jurisdiction since they do not fall within any "civil action authorized by law" for deprivations of constitutional rights. *See City of Kenosha, supra; Jones v. McElroy,* 429 F.Supp. 848, 853–54 (E.D.Pa. 1977); *D'Angelo v. Mishak,* 429 F.Supp. 869 (E. D.Pa. 1977).

---

9. Plaintiff relies upon *Abraham v. Beatrice Foods Co.,* 418 F.Supp. 1384 1388–89 (E.D.Wis. 1976), for the proposition that state agencies are persons liable under § 1983 when declaratory or injunctive relief, rather than damages, is sought. The *Abraham* holding is in direct conflict with *City of Kenosha,* which specifically held that the § 1983 meaning of the word "person" does not vary with the type of relief sought. *See* 412 U.S. at 512–13, 93 S.Ct. 909. The cases relied upon in *Abraham* were decided prior to the Supreme Court's decision in *City of Kenosha,* and one of them was specifically disapproved in *City of Kenosha.*

10. SERB is a board consisting of seven members. State Employees Retirement Code, 71 Pa.C.S.A. § 5901(a). Plaintiff has sued SERB as a governmental entity; she has not sued its members individually.

11. Section 1343 provides:
 "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

 \* \* \* \* \* \*

 (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
 (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

### B. Liability of EPPI, SERB, and the Department under the Fourteenth Amendment

In what may be an effort to circumvent the 1871 Act's restrictions upon claims against governmental entities, plaintiff has asserted separate claims against the defendants [12] for damages and for declaratory and injunctive relief directly under the Fourteenth Amendment to the Constitution.[13] Jurisdiction for these claims is based upon 28 U.S.C. § 1331(a).[14] *See Jones v. McElroy, supra,* at 855.

I have recently held that a plaintiff may not maintain a cause of action for damages against a governmental entity directly under the Fourteenth Amendment. *Jones v. McElroy, supra.* The instant case presents a further issue as to which I intimated no view in *Jones*: whether an action for declaratory or injunctive relief may be maintained against a governmental entity directly under the Fourteenth Amendment. I need not resolve that issue at this time, for, as I explain in the next subpart of this opinion, the Fourteenth Amendment claims against the governmental entities in this case are barred by the Eleventh Amendment.

### C. The Eleventh Amendment

Defendants EPPI and SERB contend that the claims against them under the 1871 Act are barred by the Eleventh Amendment. This argument also applies to the claims asserted directly under the Fourteenth Amendment and applies to defendant Department of Public Welfare as well as to EPPI and SERB.

The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Although by its terms the Amendment only applies to actions against a state by citizens of another state, the immunity which it confers has consistently been held to extend to actions by the defendant state's own citizens as well. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The immunity may only be invoked by a *state*; municipalities and other autonomous political subdivisions are not protected. This distinction turns upon whether the govern-

---

**12.** The complaint states that the "acts of the institutional Defendants" violated 42 U.S.C. § 1983 and the 14th Amendment (Complaint ¶¶ 30, 32) but that the "acts of all Defendants" violated 42 U.S.C. § 1985 (*id.* ¶ 34). Perhaps this language means that plaintiff is only asserting her § 1983 and 14th Amendment claims against EPPI, SERB, and the Department of Public Welfare, but in their briefs counsel for both sides seem to have assumed that all claims are being made against all defendants named in the complaint. I shall make the same assumption. Nevertheless, the claims asserted directly under the 14th Amendment are only significant insofar as they relate to EPPI, SERB, and the Department since these defendants are not liable under § 1983; any 14th Amendment claims against the other defendants merely duplicate those under § 1983 and are superfluous.

**13.** *See* Complaint ¶¶ 2, 29–30. Plaintiff also asserts a claim directly under the First Amendment to the Constitution, but that Amendment only proscribes *federal,* not *state,* conduct, and the alleged wrongdoing in this case occurred under color of *state* law. The relevance of the First Amendment to actions involving state conduct is that it provides substantive meaning to the provisions of the 14th Amendment insofar as it is "incorporated" into the 14th Amendment's Due Process Clause. *See generally Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 749 n.1, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); *DeJonge v. Oregon,* 299 U.S. 353, 364, 57 S.Ct. 255, 81 L.Ed. 278 (1937).

**14.** Section 1331(a) confers jurisdiction over claims arising under the Constitution in which the amount in controversy exceeds $10,000. Plaintiff has pleaded § 1331(a), but has failed to specifically allege the $10,000 jurisdictional amount. *See generally* Fed.R.Civ.P. 8(a)(1); *Schlesinger v. Councilman,* 420 U.S. 738, 744 n.9, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). If plaintiff were to retain her 14th Amendment claim, she would have to remedy this deficiency. *See Schlesinger, supra,* at 744 n.9, 95 S.Ct. 1300. *See also* 28 U.S.C. § 1653; Fed.R.Civ.P. 15.

mental entity has powers sufficiently distinct and independent from the state as not to be considered a part of the state. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 279–281, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

A state may waive its Eleventh Amendment immunity, but waiver will not be inferred in the absence of specific statutory language consenting to suit in federal court. *Edelman, supra*, 415 U.S. at 671–74, 677 n.19, 94 S.Ct. 1347; *Chandler v. Dix*, 194 U.S. 590, 591–92, 24 S.Ct. 766, 48 L.Ed. 1129 (1904). Pursuant to its power (Amend. XIV, § 5) to enforce the provisions of the Fourteenth Amendment, Congress can abrogate states' Eleventh Amendment immunity from suit, but, although Congress has done so for actions under Title VII of the Civil Rights Act of 1964 (*Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)), the exclusion from liability accorded to state governmental entities under the Civil Rights Act of 1871 indicates that Congress has not done so for actions under the 1871 Act (*see id.* at 452; *Edelman, supra*, at 674–77, 94 S.Ct. 1347). Of course, Congress has not spoken as to actions asserted directly under the Fourteenth Amendment and thus has not abrogated states' immunity in such actions. A state is not divested of its immunity merely because the case arises under the Federal Constitution or laws. *Parden v. Terminal Ry.*, 377 U.S. 184, 186, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964).

I have no difficulty concluding that the Department of Public Welfare is a part of the Commonwealth of Pennsylvania and subject to its Eleventh Amendment immunity. The Department is specifically designated as an "administrative department" of the Commonwealth and all of its powers and duties are exercised as an administrative arm of the state. *See* Administrative Code of 1929, §§ 201, 2301 *et seq.*, 71 P.S. §§ 61, 591 *et seq.*; Public Welfare Code, 62 P.S. §§ 101 *et seq. Accord, White v. Beal*,

413 F.Supp. 1141, 1147 (E.D.Pa.1976); *Downs v. Department of Public Welfare*, 368 F.Supp. 454, 460–61 (E.D.Pa.1973).

EPPI is a mental health treatment, research, and educational institution established by the Commonwealth in Philadelphia. *See* 50 P.S. § 581. It is under the management of a board of trustees appointed by the Governor,[15] and that board is designated as a "departmental administrative board" in the Department of Public Welfare. Administrative Code of 1929, § 202, 71 P.S. § 62. EPPI is under the supervision of the Department, and the powers of its board are very narrowly circumscribed within the Department. *See* Public Welfare Code, §§ 302, 317, 62 P.S. §§ 302, 317. It is totally dependent upon the Department and other state agencies for its funding and appropriations. *See* Administrative Code of 1929, §§ 503, 701(h), 71 P.S. §§ 183, 241(h). EPPI therefore is an arm of the state and is immune from suit under the Eleventh Amendment.

SERB is an independent administrative board consisting of the Pennsylvania State Treasurer and six members appointed by the Governor. State Employees Retirement Code, 71 Pa.C.S.A. § 5901(a). It has administrative authority over the State Employees Retirement System (*id.* §§ 5902–05, 5931) and is funded by appropriations from the Pennsylvania General Assembly (*id.* §§ 5902–5905, 5931). Although SERB is independent of any administrative department of the Commonwealth (*cf.* Administrative Code of 1929, § 202, 71 P.S. § 62, *repealed as to SERB*, Act of March 1, 1974, P.L. 125, No. 31, § 2(a)), its responsibilities under the Retirement Code with regard to administrative personnel in all state agencies establish it as a separate arm of the state entitled to Eleventh Amendment protection.

Plaintiff contends that the Commonwealth has waived its immunity by enactment of the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.* The Act

---

15. *See* Act of April 18, 1949, P.L. 599, No. 126, § 5, 50 P.S. § 585, *repealed*, Act of Oct. 19, 1967, P.L. 458, No. 215, § 2; Administrative Code of 1929, §§ 207.1(d)(4), 401, 71 P.S. §§ 67.1(d)(4), 111.

authorizes suits against employers to adjudicate and redress claims of discrimination (*id.* § 12(c), 43 P.S. § 962(c)) and defines "employer" to include "the Commonwealth or any political subdivision or board, department, commission or school district thereof" (*id.* § 4(b), 43 P.S. § 954(b)). Section 12(c) of the Act only authorizes suit in Pennsylvania *state* courts, however; the Act is silent as to suits in federal courts.[16] Although the Act is probably a partial waiver of the sovereign immunity established under Art. I, § 11 of the Pennsylvania Constitution (*see generally Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973)), it is not a waiver of the Commonwealth's separate and independent immunity from suit in federal courts under the Eleventh Amendment. *See Edelman, supra,* 415 U.S. at 677 n. 19, 94 S.Ct. 1347; *Chandler v. Dix, supra.*

Defendants Watson, Borislow, Beal, Daly, and Witmer contend that they are also entitled to Eleventh Amendment immunity from suit under the 1871 Act and the Fourteenth Amendment because they have been sued in their official capacity as Commonwealth officials.

■ Actions against state officials are barred if the officials are sued in their official capacity and the state is the real party upon which liability is sought to be imposed. *Scheuer v. Rhodes,* 416 U.S. 232, 237–38, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Edelman, supra; Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Governor of Georgia v. Madrazo,* 26 U.S. (1 Pet.) 110, 7 L.Ed. 73 (1828). This rule applies when the action

is against the officials for damages which must be paid from the public funds of the state treasury. *Edelman, supra.* In actions to enjoin prospectively unconstitutional state activities, however, the state official sued is conclusively presumed not to have acted in his official capacity so that the rule does not apply. *Id.* 415 U.S. at 664, 667–68, 94 S.Ct. 1347; *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Under *Ex parte Young,* plaintiff may maintain her 1871 Act and Fourteenth Amendment actions against the state officials for declaratory and injunctive relief. The more difficult question is whether plaintiff may also sue the state officials for damages.

■ *Scheuer v. Rhodes, supra,* teaches that allegations against state officials should be liberally construed in the plaintiff's favor when sovereign immunity is at issue. Unlike plaintiff's claims under Title VII, which are limited to restitution in the form of back pay and injunctive relief (*see Whitney v. Greater New York Corporation of Seventh-Day Adventists,* 401 F.Supp. 1363, 1368–71 (S.D. N.Y. 1975); *cf. Richerson v. Jones,* 551 F.2d 918, 926–28 (3d Cir. 1977); *see generally Albemarle Paper Co. v. Moody,* 422 U.S. 405, 413–25, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)), plaintiff's suit under § 1983 and the Fourteenth Amendment is for compensatory and punitive damages for the fact that she was a victim of discrimination. *See generally United States ex rel. Jones v. Rundle,* 453 F.2d 147, 150–51 n. 11 (3d Cir. 1971) (compensatory damages under § 1983); *Basista v. Weir,* 340 F.2d 74, 84–88 (3d Cir. 1965) (punitive damages under

**16.** Section 12(c) of the Act, 43 P.S. § 962(c), provides:

"In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action *in the courts of the Commonwealth* shall not be foreclosed. If within one (1) year after the filing of a complaint with the [Pennsylvania Human Relations] Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action *in the courts of common pleas of the*

*Commonwealth* based on the right to freedom from discrimination granted by this act. If the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but is not limited to, reinstatement or hiring of employes, granting of back pay, or any other legal or equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than three years prior to the filing of a complaint charging violations of this act." (Emphasis added.)

§ 1983). *See also Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 238–40, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969) (damages for discrimination). Plaintiff therefore may be entitled to a personal judgment against the defendants on those claims. Viewing the lawsuit in that context, although the complaint does not clearly state whether the state officials are sued in their personal or official capacity, I will construe it in plaintiff's favor and hold that plaintiff is "seeking to impose individual and personal liability on the *named defendants*" (*Scheuer, supra*, 416 U.S. at 238, 94 S.Ct. at 1687 (emphasis in original)). Insofar as plaintiff is not suing these officials in their official capacity, her claims against them are not barred by the Eleventh Amendment. *See Sarteschi v. Burlein*, 508 F.2d 110, 113 (3d Cir. 1975); *Fialkowski v. Shapp*, 405 F.Supp. 946, 954 (E.D. Pa. 1975).

D. *Sufficiency of Allegations in the Complaint*

Defendants contend that plaintiff has failed to state claims upon which relief can be granted under the 1871 Act and the Fourteenth Amendment because she has not sufficiently pleaded facts supporting her claims.

■ I have already discussed the specific pleading requirement with regard to plaintiff's claims under Title VII. *See* Part I.C., *supra*. Insofar as a plaintiff's claim is based on 42 U.S.C. § 1983 or the Fourteenth Amendment, the factual allegations must show that the named defendants, acting under color of state law, intentionally deprived plaintiff of constitutional or civil rights; the claim may not be based on vicarious liability. *Jones, supra*, at 861–64; *Milburn, supra*, at 867.

■ For essentially the same reasons stated with regard to the Title VII claims, I believe that, although the factual allegations of a § 1983 violation by defendants Watson and Borislow are weak, they are sufficient to withstand a motion to dismiss. The complaint does not merely state that these defendants discriminated; it sets forth *acts* of discrimination—denial of

staff, facilities, and equipment, and giving low performance ratings. Fairly read, the statement that the defendants discriminated against plaintiff "because of her female sex" is an allegation of intentional discrimination by the defendants. Defendants' contention that plaintiff has not alleged a "constitutionally impermissible classification" ignores the fact that plaintiff claims she was discriminated against because of her sex. *See generally Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

As discussed with regard to the Title VII claims, the complaint is devoid of any factual allegations against defendants Beal, Daly, and Witmer. The complaint thus fails to state a claim against these defendants under § 1983 and will be dismissed, without prejudice to plaintiff's right to amend.

■ Insofar as plaintiff's claim is based on 42 U.S.C. § 1985(3), the factual allegations must show that the named defendants conspired to deprive plaintiff of equal protection of the laws and that one of them performed an overt act in furtherance of that conspiracy, causing injury to plaintiff's person or property or depriving plaintiff of a right or privilege of United States citizenship. *See, e. g., Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919, 923 (5th Cir. 1977); *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir.), *cert. denied*, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972); *Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir. 1964); *Milburn, supra*, at 867–869; *Carter v. Cuyler*, 415 F.Supp. 852, 857–58 (E.D.Pa.1976). Satisfaction of the specificity requirement generally depends on the allegations of overt acts. As the Court of Appeals stated in *Hoffman v. Halden*, 268 F.2d 280, 295 (9th Cir. 1959):

"The real question is whether or not the . . . complaint, in addition to the general allegations [of conspiracy], sets forth with certainty facts showing partic-

ularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff."

*Accord, Lohr v. Catholic Teachers Local 1776,* 416 F.Supp. 619, 621 (E.D.Pa.1976). *See also Everett v. City of Chester,* 391 F.Supp. 26, 28–29 (E.D.Pa.1975).

▇▇▇ The only allegations in the complaint of a § 1985 violation are the following:

"All named Defendants conspired to discriminate against Plaintiff, and to deny her equal terms and conditions of employment, continued employment, and full and proper seniority and retirement credits, all because of her sex.

\* \* \* \* \* \*

The aforementioned acts of all Defendants in conspiracy violate 42 U.S.C. § 1985(3)."

Complaint ¶¶ 21, 34.

Although the question is very close, I conclude that these paragraphs, when read in conjunction with the allegation in ¶ 16 of the complaint that Watson and Borislow (along with EPPI) "discriminated against plaintiff by denying her adequate supporting staff, facilities, and equipment, because of her female sex" and ¶ 18's assertion that "Dr. Borislow played a primary role" in discriminatorily giving plaintiff low performance ratings, sufficiently allege a

§ 1985(3) conspiracy on the part of Watson and Borislow. The lack of specific factual averments demonstrating that Beal, Daly, and Witmer were parties to this conspiracy compels dismissal of the § 1985 charge against these three defendants, without prejudice to plaintiff's right to amend.

### III. *Claims under the Retirement Code*

Plaintiff seeks to assert pendent claims for relief for violations of the State Employees Retirement Code, 71 Pa.C.S.A. §§ 5101 *et seq.* For the reasons stated in Part II.C. of this opinion, plaintiff's Retirement Code claims against EPPI, SERB, and the Department of Public Welfare are barred by the Eleventh Amendment. Plaintiff cites no evidence that the Commonwealth of Pennsylvania has waived its Eleventh Amendment immunity for this type of claim. Unlike the Title VII claims, these state law claims have not been exempted from Eleventh Amendment immunity by Congress; indeed, I doubt that Congress would have the power to make such an exemption. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

▇▇▇ Aside from Eleventh Amendment considerations, and assuming that I otherwise have the constitutional and statutory jurisdictional power to hear these claims,[17] I decline to exercise pendent jurisdiction over them. A court has wide discretion to decide whether to hear pendent state claims. *United Mine Workers v.*

17. The power to exercise pendent jurisdiction under Art. III, § 2 of the Constitution depends on whether the state claims derive from the same "common nucleus of operative fact" as the federal claims asserted by plaintiff (*United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)), a test apparently met in this case. The scope of the pendent jurisdiction doctrine is limited by the scope of the federal claims asserted, however, and, therefore, if Congress has statutorily limited jurisdiction over the federal claims to exclude claims against certain parties, jurisdiction may not be exercised over those parties as to the pendent state claims. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Federal jurisdiction in this case is based on § 706(f)(3) of the 1964 Civil Rights Act (Title VII), 42 U.S.C. § 2000e-5(f)(3), and on 28 U.S.C. §§ 1331(a) and 1343(3)–(4). *Aldinger* specifically held that § 1343 could not form the basis for pendent claims against state governmental entities such as EPPI, SERB and the Department of Public Welfare. Whether jurisdiction over SERB and the Department may be predicated on § 706 of the 1964 Act depends on resolution of the exhaustion of remedies question discussed in Part I.A. of this opinion. It may be that § 1331 can form the basis for pendent jurisdiction over the state governmental entities, but use of § 1331 to circumvent the narrow restrictions contained in these other jurisdictional statutes may be an abuse of discretion, an issue which I need not decide at this time. *Cf. Jones v. McElroy, supra,* at 865.

*Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1180, 16 L.Ed.2d 218 (1966); *see Moor v. County of Alameda,* 411 U.S. 693, 712–17, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). In this case, the relief requested under the Retirement Code is the same as that sought with regard to plaintiff's civil rights claim of discrimination as to her retirement classification: correction of the retirement classification, an injunction against future wrongful classifications, and credit for the full amount of her retirement benefits during the period she was wrongfully classified. To this extent, if plaintiff prevails on her civil rights claims, her claim under the Retirement Code is superfluous. More important, the Retirement Code was recently enacted (Act of Mar. 1, 1974, P.L. 125, No. 31) and has since been subject to very scant judicial interpretation. Indeed, defendants contend that claims asserted under the Code cannot be heard by the courts until state administrative remedies have been exhausted under the Administrative Agency Law, 71 P.S. §§ 1710.1 *et seq.*[18] Whether or not this contention is correct, it is appropriate to defer to state tribunals for initial construction of this relatively new statute. I therefore will not exercise pendent jurisdiction over plaintiff's claims against the defendants under the State Employees Retirement Code.

### ORDER

This 23rd day of June, 1977, it is ORDERED that

(a) The Motion of State Employees Retirement Board, Frank S. Beal, Robert M. Daly, Richard L. Witmer, and Pennsylvania Department of Public Welfare to Dismiss the claims against them under Title VII of the Civil Rights Act of 1964 is GRANTED and those claims are DISMISSED. The Motion to Dismiss the Title VII claims against all other defendants is DENIED.

(b) The Motion of Eastern Pennsylvania Psychiatric Institute, State Employees Retirement Board, Frank S. Beal, Robert M. Daly, Richard L. Witmer, and Pennsylvania Department of Public Welfare to Dismiss the claims against them under the Civil Rights Act of 1871 and the Fourteenth Amendment is GRANTED and those claims are DISMISSED. The Motion to Dismiss the 1871 Act and Fourteenth Amendment claims against all other defendants is DENIED.

(c) The Motion of all defendants to Dismiss the claims against them under the State Employees Retirement Code is GRANTED and those claims are DISMISSED.

---

**18.** The Administrative Agency Law specifies procedures for agency adjudications and judicial review of agency decisions. The Pennsylvania courts have required exhaustion of these procedures before other state judicial remedies may be sought. *See, e. g., Gold v. Department of Public Instruction,* 16 Pa.Cmwlth. 247, 328 A.2d 559 (1974). The statute applies in its entirety to SERB and the Department of Public Welfare. Administrative Agency Law § 51(a)(46), (48), 71 P.S. § 1710.51(a)(46), (48). Only selected provisions of the statute apply to EPPI and to state administrative officers. *See id.* §§ 2(b), 51(c), 71 P.S. §§ 1710.2(b), 1710.51(c). *See also id.* §§ 47, 50, 71 P.S. §§ 1710.47, 1710.50, and *id.* §21, 71 P.S. § 1710.21 (*repealed,* Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, No. 240, § 609(a) (14)). Whether the Administrative Agency Law affects plaintiff's right to assert federal claims against some or all of these defendants under the Retirement Code is an issue which I do not reach.