Margaret Ann BLAKE, a minor by
James Blake, her guardian

v.

Caryl M. KLINE, Robert E. Casey, Fred
M. Heddinger, William F. Jacobs, Jr.,
John D. Killian, Jacque D. Angle, Francis Moran, J. Henry Eisenhart, Benjamin L. Stackowski, Samuel Corrado,
Richard C. Harris, and the Public School
Employees' Retirement Board.

Civ. A. No. 78–2517.

United States District Court,
E. D. Pennsylvania.

Dec. 19, 1978.

Arthur H. Rainey, Fred T. Magaziner, Dechert, Price & Rhoads, Philadelphia, Pa., for plaintiff.

David H. Allshouse, Jr., Justice Dept., Harrisburg, Pa., Raymond Kleiman, Harrisburg, Pa., for defendants.

## MEMORANDUM

HANNUM, District Judge.

Plaintiff instituted this two-count action to recover certain death benefits allegedly due her from the Pennsylvania Public School Employees' Retirement Board (the PSERB). Defendants have moved to dismiss the Complaint pursuant to Rule 12(b), F.R.Civ.P., thereby squarely presenting the question of whether this Court is without subject matter jurisdiction by virtue of the Eleventh Amendment to the Constitution of the United States.

Defendants contend that the PSERB is the alter ego of the Commonwealth of Pennsylvania and hence, immune from suit in federal court. Concomitantly they argue, since the suit is one f jr money damages, and since suit against the PSERB is precluded, suit against the individual defendants is likewise barred. We now address those issues.

*Eleventh Amendment Immunity of the PSERB.*

■ Whether the PSERB is immune from suit by virtue of the Eleventh Amendment depends upon whether it can be said that it is the alter ego of the state. This question is one of federal, not state, law. *Harris v. Pennsylvania Turnpike Commis-*sion, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969). Nevertheless, as pointed out in *Krisel v. Duran,* 258 F.Supp. 845, 849 (S.D.N.Y.1966), *aff'd per curiam,* 386 F.2d 179 (2d Cir. 1967), *cert. denied,* 390 U.S. 1042, 88 S.Ct. 1635, 20 L.Ed.2d 303 (1968), local law and decisions defining the status and nature of the agency involved in its relation to the sovereign is a factor to consider in making this determination.

■ Other factors to be considered include whether any judgment plaintiff might be awarded would have to be made out of the state treasury; whether the agency is performing a governmental or proprietary function; whether it has been separately incorporated; the degree of autonomy it has over its operations; whether it has the power to sue and be sued and to enter into contracts; whether its property is immune from state taxation; and whether the sovereign has immunized itself from responsibility for the agency's operations. *Urbano v. Board of Managers of New Jersey State Prison,* 415 F.2d 247, 250–51 (3d Cir. 1969), citing *Krisel, supra.*

■ The Court has weighed these factors and, on balance, concludes that they point toward a finding that the PSERB is a separate arm of the Commonwealth entitled to Eleventh Amendment immunity from suit. We find support for this conclusion in the statutory scheme establishing the PSERB and the fund it administers, as well as from decisions by the Pennsylvania Commonwealth Court and the United States District Court for the Eastern District of Pennsylvania.

■ In *United Brokers Mortgage Co. v. Fidelity Philadelphia Trust Co.,* 26 Pa. Cmwlth. 260, 363 A.2d 817 (1976), the Commonwealth Court clearly held that the PSERB's fund was so identified with the state as to preclude suit in trespass against it, based on sovereign immunity. In its holding the court was careful to point out the indices that rendered the fund conjugal with the state. This decision assists the Court here in divining local law on the subject of the agency's relation with the

sovereign. Although this decision is not automatically controlling since the highest court of the Commonwealth has not specifically addressed the issue, *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), it is presumptive evidence of state law which this Court is not free to ignore, absent other persuasive data that a contrary result would be reached by the Pennsylvania Supreme Court. *See National Surety Co. v. Midland Bank,* 551 F.2d 21 (3d Cir. 1977). We find no such other persuasive data in light of the newly enacted Act 152, Act of September 28, 1978, P.L. ——, No. 152. This Act is, by its terms, intended to apply retroactively and to bar actions that would otherwise have been permitted under *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978).

In *United Brokers, supra,* the court held that both the funds administered by the PSERB and by the State Employees' Retirement Board [the SERB] bore the same intimate relationship with the Commonwealth, recognizing that each has the same status viz-a-viz the state. With this consideration in mind, the Court finds additional support for its conclusion that the instant suit is barred by the Eleventh Amendment in *Flesch v. Eastern Pennsylvania Psychiatric Institute,* 434 F.Supp. 963 (E.D.Pa.1977). Therein the court reached the conclusion that the SERB was "a separate arm of the state entitled to Eleventh Amendment protection." *Flesch, supra,* at 977.

■ The statutory scheme establishing the SERB and the fund it administers is virtually identical in all material respects to the statutory scheme adopted for the PSERB and the fund here in question. In particular, the following points of similarity, *inter alia,* demonstrate the closeness of the boards' and funds' relations to the Commonwealth: both boards are defined as independent administrative boards, organized under state administrative departments;[1] the State Treasurer is an *ex officio* member of both boards,[2] is custodian of both funds,[3] and all payments from the funds are made by him;[4] the Attorney General is designated legal advisor to both boards;[5] and cooperation between the two boards is mandated.[6] Further, compensation of employees of the boards is directed to be consistent with the Civil Service Act and compensation standards established by the Executive Board of the Commonwealth.[7] Other points of similarity also exist.[8] But perhaps

---

1. 24 Pa.C.S. § 8501(a) establishes the PSERB as an independent administrative board; 71 Pa. C.S. § 5901(a) likewise establishes the SERB as an independent administrative board. 71 P.S. § 62 sets forth the departmental organization of each board: the PSERB is organized under the Department of Education; the SERB under the Department of State.

2. 24 Pa.C.S. § 8501(a); 71 Pa.C.S. § 5901(a). In addition, the Secretary of Education is also an *ex officio* member of the PSERB. 24 Pa.C.S. § 8501(a).

3. 24 Pa.C.S. § 8521(c); 71 Pa.C.S. § 5931(c).

4. 24 Pa.C.S. § 8521(d); 71 Pa.C.S. § 5931(d).

5. 24 Pa.C.S. § 8501(e); 71 Pa.C.S. § 5901(e).

6. A comparison of 24 Pa.C.S. § 8504 with 71 Pa.C.S. § 5904 demonstrates the interrelation between the two funds and the boards that administer them.

7. 24 Pa.C.S. § 8502(a); 71 Pa.C.S. § 5902(a).

8. For example, neither board is separately incorporated, although each is said to possess the "power and privileges of a corporation": 24 Pa.C.S. § 8501(e); 71 Pa.C.S. § 5901(e). Both boards hold their respective funds as trustees, with power to invest, and with "exclusive control and management" of the funds: 24 Pa.C.S. § 8521(a); 71 Pa.C.S. § 5931(a). The boards transact business in their own names: 24 Pa. C.S. § 8521(f); 71 Pa.C.S. § 5931(f). Both funds are set apart from the general state treasury: 24 Pa.C.S. § 8522; 71 Pa.C.S. § 5932. Both are subject to the supervision of the State Insurance Department: 24 Pa.C.S. § 8532; 71 Pa.C.S. § 5952. Employees covered by the statutes are required to make contributions to the funds: 24 Pa.C.S. § 8321; 71 Pa.C.S. § 5501. Administrative expenses are paid, generally, from earnings on the funds' investments: 24 Pa.C.S. §§ 8502(c), 8524; 71 Pa.C.S. §§ 5902(c), 5939; although any excess of expenses over earnings is appropriated from the state's general fund: 24 Pa.C.S. § 8502(c); Pa. C.S. § 5902(c).

The only real distinction between the two boards—a distinction that appears immateri-

most significant in this regard are the facts that the funds are exempted from *both* municipal and state taxation,[9] and that payments of benefits are *expressly made obligations of the Commonwealth.*[10]

 The intimate ties to the Commonwealth are thus evident, and compel the same conclusion reached in *Flesch, supra:* that the PSERB is so identified with the state as to be immune from suit under the Eleventh Amendment. Accordingly, it appearing that the Commonwealth of Pennsylvania is the real, substantial party against whom the instant claims are asserted, defendant PSERB's jurisdictional attack based upon Eleventh Amendment sovereign immunity must be upheld, even though the state is not specifically named as a defendant. *Krisel, supra,* at 848.[11]

*Immunity of Individual Board Members.*

Regarding her claims against the individual board members, plaintiff concedes that they are sued merely as nominal parties in an effort to reach the fund they administer.[12] Since the suit is one for money damages only, and since suit against the PSERB is barred by the Eleventh Amendment, she is precluded from so doing. *Scheuer v. Rhodes,* 416 U.S. 232, 237–38, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Thus, these claims, too, must be dismissed.

al—is their respective compositions. The PSERB is comprised of eleven members, including the State Treasurer, the Secretary of Education and two appointed by the Governor, subject to confirmation by the Senate. 24 Pa. C.S. § 8501(a). The SERB, on the other hand, is comprised of seven members, including the State Treasurer. The other six are appointed by the Governor, subject to confirmation by the Senate. 71 Pa.C.S. § 5901(a).

9. 24 Pa.C.S. § 8533; 71 Pa.C.S. § 5953(a).

10. 24 Pa.C.S. § 8531; 71 Pa.C.S. § 5951. The wording of these two sections is nearly identical.

11. Having determined that the PSERB is the alter ego of the state, we need not consider the question of whether the state has waived its Eleventh Amendment immunity from suit. For even if it has, since jurisdiction is predicated here solely upon 28 U.S.C. § 1332, subject mat-

Accordingly, the Court finds that it is without subject matter jurisdiction over the claims advanced in the complaint, and will, therefore, grant defendants' motion to dismiss.[13]

An appropriate Order follows.

ter jurisdiction is still lacking. *Harris, supra,* at 1333 n.1.

12. *See* Plaintiff's Memorandum of Law In Opposition To Defendants' Motion To Dismiss, Document No. 9, at 20. *See also* Plaintiff's Response To Defendants' Reply Memorandum Of Law In Support Of Motion To Dismiss, Document No. 11, at 4.

13. Parenthetically, the Court notes that a conference with counsel was held on December 5, 1978. At the conference the Court directed counsel to submit a report detailing plaintiff's efforts to recoup the damages here sought from the apparent true malefactor, one Tille Boone. This was done to alert plaintiff to possible alternative routes of recovery, in which the Commonwealth would presumably do its utmost to cooperate.