**In re Bonnie Sue TYLKA, Debtor.**

**James R. Walsh, Esquire, Trustee of the Bankruptcy Estate of Bonnie Sue Tylka, Plaintiff,**

v.

**Commonwealth of PA, % Citistreet, Defendant.**

**Bankruptcy No. 02–29030 BM.
Adversary No. 04–2430 BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 8, 2004.

James R. Walsh, Johnstown, PA, Pro se.

Amy M. Tonti, Reed Smith, LLP, Pittsburgh, PA, for Defendant.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The chapter 7 trustee has brought this adversary action against the State Employees Retirement Board of the Commonwealth of Pennsylvania ("SERB"). He seeks an order directing SERB to turn over the balance in debtor's account in a deferred compensation program ("DCP") administered by SERB in which debtor voluntarily participated.

SERB has responded with a motion to dismiss the turnover action on the theory that this court lacks jurisdiction over the matter. According to SERB, it is an *alter* ego or arm of the Commonwealth of Pennsylvania and therefore has immunity against this action in this court by virtue of the Eleventh Amendment of the United States Constitution.

The chapter 7 trustee denies that the Eleventh Amendment applies to SERB and opposes the motion.

SERB's motion to dismiss will be denied without prejudice for reasons set forth in this memorandum opinion.

## — FACTS —

Debtor is an employee of the Commonwealth of Pennsylvania. She has been a registered nurse for the Pennsylvania Department of Corrections for more than twenty-one years and participates in a voluntary DCP maintained by SERB for the benefit of employees of the Commonwealth of Pennsylvania.

Debtor filed a voluntary chapter 7 petition on August 21, 2002. A chapter 7 trustee was appointed shortly thereafter. The schedules accompanying debtor's petition list assets with a total declared value of $54,047.08 and a total of $89,223.50 in liabilities.

Included among the assets listed on the schedules is debtor's account in the DCP. The balance in debtor's DCP account was $24,647.19 as of the bankruptcy filing. The account is funded by amounts withheld from debtor's compensation and administered by SERB. Pursuant to Pennsylvania law, the funds are held in a spendthrift trust for debtor's exclusive benefit. Because they are held in a spendthrift trust for her exclusive benefit, debtor asserted that the account is excluded from her bankruptcy estate by virtue of § 541(c)(2) of the Bankruptcy Code.

The chapter 7 trustee issued a notice after the § 341(a) meeting was concluded which stated that property of debtor's estate—*i.e.*, this DCP—would be available for distribution to her creditors.

Debtor was granted a discharge on November 25, 2002. A final decree, however, was not issued.

The chapter 7 trustee commenced this adversary action against the Commonwealth of Pennsylvania in care of Citistreet on March 31, 2004. The parties have stipulated that SERB is the real party-in-interest in this matter and that Citistreet was the former administrator but no longer serves in any capacity with respect to the DCP.

The chapter 7 trustee asserts in the complaint that, debtor's above assertion to the contrary notwithstanding, her DCP ac-

count is property of the bankruptcy estate. He seeks an order pursuant to § 542(a) of the Bankruptcy Code directing the Commonwealth to turn the balance in the debtor's DCP account over to him.

Even though it has not been specifically named in the complaint, the parties have stipulated that SERB is the real party-defendant in this adversary action.

On April 30, 2004, before the thirty-day period for answering the complaint had passed, SERB brought a motion to dismiss the complaint. SERB maintains that it is an *alter ego* or arm of the Commonwealth of Pennsylvania and, as such, is immune from this lawsuit by virtue of the Eleventh Amendment to the United States Constitution.

The chapter 7 trustee and SERB subsequently stipulated that oral argument on the motion to dismiss was not necessary and that it could be decided on the basis of their respective briefs. The matter is now ready for decision.

## — DISCUSSION —

Article III, § 2 of the United States Constitution extends the judicial power of the United States to controversies "between a State and Citizens of another State". Relying on this provision, the United States Supreme Court exercised original jurisdiction over a lawsuit brought by a citizen of South Carolina against the State of Georgia. *Chisholm v. Georgia,* 2 Dall. 419, 2 U.S. 419, 1 L.Ed. 440 (1793). Due to the "shock of surprise" generated, the Eleventh Amendment was promptly proposed and adopted. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 97, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984) (citing *Principality of Monaco v. State of Mississippi,* 292 U.S. 313, 325, 54 S.Ct. 745, 749, 78 L.Ed. 1282 (1934)).

The Eleventh Amendment to the United States Constitution provides as follows:

The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

This amendment is understood not so much for what it says as for the proposition it confirms: that each State is a sovereign entity in our federal system and is immune from suit by an individual without the consent of that sovereign. Such immunity is inherent in the concept of sovereignty. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996).

■ Its text notwithstanding, the Eleventh Amendment has been construed as immunizing a non-consenting state not only from suits brought in federal court by its own citizens, but also by citizens of other states. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 907. It is not necessary that the state be a named party-defendant, only that the named party defendant is an *alter ego* or arm of the state. *Blake v. Kline,* 612 F.2d 718, 721 (3d Cir.1979), *cert. denied,* 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1112 (1980).

■ The assertion that a party-defendant enjoys Eleventh Amendment immunity is an affirmative defense. As such, the party asserting it has the burden of proving its applicability. *Christy v. Pennsylvania Turnpike Commission,* 54 F.3d 1140, 1144, (3d Cir.), *cert. denied,* 516 U.S. 932, 116 S.Ct. 340, 133 L.Ed.2d 238 (1995).

■ SERB asserts in support of its motion to dismiss that it is an alter ego or arm of the Commonwealth of Pennsylvania. While this is a question of federal law, we must look to state law to determine SERB's character before answering

the question. *Regents of the University of California v. Doe,* 519 U.S. 425, 430 n. 5, 117 S.Ct. 900, 904 n. 5, 137 L.Ed.2d 55 (1997).

The Commonwealth of Pennsylvania is authorized to establish a DCP for elected and appointed officials and for employees who perform services for the Commonwealth. 72 P.S. § 4521.2(a) (Purdon's Supp.2004). SERB was designated to set up and administer the program, 72 P.S. § 4521.2(c)(Purdon's Supp.2004).

SERB is an independent administrative board. It consists of eleven members: the State Treasurer, *ex officio;* two present or former senators of the General Assembly and two present or former members of the House of Representatives; and six members appointed by the Governor. The Governor designates the chair of the board from among the eleven members. 71 Pa. C.S.A. § 5901(a)(Purdon's Supp.2004).

The board members from the Senate are appointed by the President *pro tempore* of the Senate and consist of a majority and a minority member. (Purdon's Supp.2004). The board members from the House of Representatives are appointed by the Speaker of the House of Representatives and consist of a majority and a minority member. 71 Pa.C.S.A. § 5902(b)(Purdon's Supp.2004).

SERB is vested with the powers and privileges of a corporation. Its legal advisor is the Attorney General of the Commonwealth. 71 Pa.C.S.A. § 5902(e)(Purdon's Supp.2004).

All funds withheld or deferred by the Commonwealth from compensation of participants in the DCP are held in trust in a special fund in the State Treasury of which the State Treasurer is the custodian. 72 Pa.C.S.A. § 4521.2(h)(1)(Purdon's Supp. 2004).

Payment of all annuities and other benefits administered by SERB are obligations of the Commonwealth. 71 Pa.C.S.A. § 4521.2(h)(1)(Purdon's Supp.2004).

SERB is required, through the Governor, to submit to the General Assembly an annual budget covering its administrative expenses. Such expenses as are approved by the General Assembly are paid from investment earnings of the fund. 71 Pa. C.S.A. § 5902(c)(Purdon's Supp.2004).

SERB also is required to submit to the Governor an annual financial statement of the DCP fund and its various accounts. 71 Pa.C.S.A. § 5902(m)(Purdon's Supp.2004).

■ A state is the real party in interest for purposes of the Eleventh Amendment when "the judgment sought would expend itself in the public treasury or domain or interfere with the public administration" or if the effect of the judgment would be to "restrain the Government from acting, or compelling it to act". *Pennhurst,* 465 U.S. at 101 n. 11, 104 S.Ct. at 908 n. 11.

■ The United States Courts of Appeals for the Third Circuit has formulated a "more specific and comprehensive test" that is set forth in *Pennhurst. Fitchik v. New Jersey Transit Rail Operations,* 873 F.2d 655, 659 (3d Cir.), *Certification Of Completion Of The Chapter 13 Plan And Final Accounting. denied,* 493 U.S. 850, 110 S.Ct. 148, 107 L.Ed.2d 107 (1989). It identifies certain factors for consideration when determining whether an agency, commission or board bearing some relationship to a state should be considered its alter ego or arm for Eleventh Amendment purposes:

(1) local laws and decisions defining the status and nature of the agency involved in its relation to the sovereign;

(2) whether payment would be made out of the state treasury in the event the plaintiff prevails;

(3) whether the agency has the power to satisfy the judgment;

(4) whether the agency is performing a governmental or proprietary function;

(5) the degree of autonomy the agency has over its operations;

(6) whether the agency was separately incorporated;

(7) whether the agency has the power to sue and to be sued;

(8) whether its property is immune from state taxation; and

(9) whether the sovereign has immunized itself from responsibility for the agency's obligations.

*Urbano v. Board of Managers of the New Jersey State Prison,* 415 F.2d 247, 250–51 (3d Cir.1969), *cert. denied,* 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 128 (1970).

■ Because many of these factors are interrelated, the Third Circuit subsequently condensed them into three larger questions as follows:

(1) whether the money to pay the judgment would come from the state;

(2) the status of the agency under state law; and

(3) how autonomous the agency is.

*Fitchik,* 873 F.2d at 659.

The first of these questions encompasses *Urbano* factors (2), (3) and (9). The second encompasses *Urbano* factors (1), (5), (7) and (8). The third is the same as *Urbano* factor (6). *Id.,* 873 F.2d at 659.[1]

**1.** *Urbano* factor (4) is no longer valid in light of Supreme Court precedent. *Fitchik,* 873 F.2d at 659 n. 2.

**2.** We say this without yet deciding whether the spendthrift nature of the trust places the

■ While no single factor is dispositive, the most important is whether any judgment in favor of the plaintiff would have to be paid from the state treasury. *Id.,* 873 F.2d at 659–60.

### (I.) Would The Money To Satisfy A Judgment In Favor Of The Trustee Come From The Commonwealth?

■ While it is true that a judgment in favor of the chapter 7 trustee would be satisfied from funds on deposit in the state treasury, in our estimation this does not necessarily indicate under the facts unique to this case that the Eleventh Amendment applies here.

DCP funds are held *in trust* in a special fund in the State Treasury. The State Treasurer is the custodian of the funds. 72 Pa.C.S.A. § 4521.2(h)(1)(Purdon's Supp. 2004). The board members of SERB are the trustees of the funds. 72 Pa.C.S.A. § 4521.2(3)(Purdon's Supp.2004). Moreover, the trust is a spendthrift trust. Any construction of a participant's plan as self-settled shall not cause the plan account to be treated as other than a spendthrift trust. *Id.*

It is hornbook law that SERB, as trustee of the funds, has only bare legal title to the funds in an employee's DCP account. The participating employee, on the other hand, has the equitable or beneficial interest in the funds, which are included in debtor's bankruptcy estate by virtue of § 541(a)(1) of the Bankruptcy Code.[2] The chapter 7 trustee has a duty to collect all property of the estate and to reduce it to money. 11 U.S.C. § 704(1).

funds in debtor's DCP account within the ambit of § 541(c)(2) and hence excludes them from debtor's bankruptcy estate. SERB has not raised this issue in the context of its motion to dismiss.

Because the equitable interest in the funds in debtor's DCP account belongs to debtor or to her bankruptcy estate while SERB has bare legal title at best, we are not prepared to conclude at this time that a judgment in favor of the chapter 7 trustee, which would be satisfied from funds in the state treasury, would "come from the State" for Eleventh Amendment purposes. The State Treasurer merely holds the funds as custodian in the state treasury for the exclusive benefit of debtor.

As for Urbano factors (3) and (9), they do not compel the conclusion that money to pay a judgment in favor of the chapter 7 trustee would "come from the state" in any meaningful way. There is no indication SERB, as contrasted to the Commonwealth, lacks funds required to satisfy a judgment in favor of the chapter 7 trustee. Although employee DCP accounts are kept in the State Treasury, they are merely in the custody of the State Treasurer. 72 Pa.C.S.A. § 4521.2(h)(3)(Purdon's Supp. 2004). Finally, as we shall see, the Commonwealth apparently has not waived its sovereign immunity against actions brought against it in the courts of the Commonwealth.

### (II.) What is SERB's Status Under Pennsylvania law?

Subject to limitations imposed by the United States Constitution, the Commonwealth of Pennsylvania is a sovereign entity. As a consequence, it cannot be sued in a Pennsylvania court without its consent. Article 1, § 11 of the Pennsylvania Constitution provides as follows:

> Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

In addition, 1 Pa.C.S.A. § 2310 (Purdon's 2002) provides as follows:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it hereby is declared to be the intent of the General Assembly that the Commonwealth ... shall continue to enjoy sovereign ... immunity ... and remain immune from suit except as the General Assembly shall specifically waive the immunity.

One Pennsylvania court has held that SERB is "an integral part of the Commonwealth" and thus enjoys "the constitutional shield of sovereign immunity" in actions brought against it in the courts of Pennsylvania. *United Brokers Mortgage Co. v. Fidelity Philadelphia Trust Co.*, 26 Pa. Cmwlth. 260, 264, 363 A.2d 817, 820 (1976). It arrived at this conclusion after reviewing many of the statutory provisions cited earlier in this memorandum opinion. Following the lead of *United Brokers*, at least one federal court also has held that SERB is an arm of the Commonwealth of Pennsylvania and is entitled to Eleventh Amendment immunity. *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 977 (E.D.Pa.1977).

■ *United Brokers* is not dispositive here. As was noted previously, a court decision concerning an agency's status under state law is but one of a number of factors to be considered; it is not dispositive.

The present case is distinguishable from *United Brokers* in a critical respect. The chapter 7 trustee in this instance seeks pursuant to § 542(a) of the Bankruptcy Code an order directing SERB to turn over the funds in debtor's DCP account. We have determined that debtor or her estate has the equitable interest in those funds whereas the State Treasurer has only legal title thereto. *United Brokers*, by contrast, did not involve a *res* in which the plaintiff had a property interest that was in the custody of an official of the Commonwealth. This distinction, we previously concluded, was significant in decid-

ing whether the funds to satisfy a judgment against SERB would have to "come from the Commonwealth".

Our inquiry concerning the status of SERB under Pennsylvania law does not end there. We also must consider *Urbano* factors (5), (7) and (8). SERB is vested with the powers and privileges of a corporation. 71 Pa.C.S.A. § 5901(e)(Purdon's 2004). While there is no express provision that it has the power to sue in its own name, SERB has the power to enter into contracts with financial and other organizations to administer DCP programs and to invest funds in the plan. 72 P.S. § 4521.2(f)(Purdon's Supp.2004). Finally, there is no indication that SERB's property is subject to taxation; we suspect that it is not.

### (III.) How Autonomous Is SERB?

SERB has attributes which may be construed as indicating that it is an arm of the Commonwealth of Pennsylvania. *E.g.,* as was noted previously, the composition of SERB's board is prescribed by statute. 71 Pa.C.S.A. § 5901(a). The Attorney General of the Commonwealth serves as its legal advisor. 71 Pa.C.S.A. § 5901(e). All funds withheld from employees' compensation are deposited in the State Treasury. 72 Pa.C.S.A. § 4521.2(h)(1). These provisions, along with others, would appear to indicate that SERB is merely an arm of the Commonwealth of Pennsylvania and therefore is protected by the Eleventh Amendment.

There are, however, other statutory provisions which indicate that SERB has a degree of autonomy. E.g., it is characterized as an *independent* administrative board. 71 Pa.C.S.A. § 5901(a) (Purdon's Supp.2004). In addition, the SERB board members have exclusive control over management of funds in the DCP and have full power to invest them. 71 Pa.C.S.A. § 5931(a)(Purdon's Supp.2004). All of its business is transacted, its funds invested, requisitions for money drawn and payments made, and its property are held in SERB's name. 71 Pa.C.S.A. § 5931(f)(Purdon's Supp.2004).

Based on the foregoing, we are not prepared to conclude at this time that SERB is immune from this turnover action by virtue of the Eleventh Amendment of the United States Constitution. SERB has not met its burden of proof in this regard. Its motion to dismiss due to lack of jurisdiction therefore will be denied without prejudice to its asserting Eleventh Amendment immunity at trial.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW,** at Pittsburgh this *8th* day of *December,* 2004, in accordance with the foregoing memorandum opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that the motion to dismiss brought by State Employees Retirement Board due to lack of jurisdiction be and hereby is **DENIED** without prejudice to its asserting Eleventh Amendment immunity at trial.

It is **SO ORDERED.**